# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) | |
| 1030 15th Street NW, B255 | ) | |
| Washington, DC 20005, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-3669 |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| 2201 C Street NW | ) | |
| Washington, DC 20520, | ) | |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| 1600 Pentagon 3E788 | ) | |
| Washington, DC 20301-1600, | ) | |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| Office of General Counsel | ) | |
| 1000 Colonial Farm Drive | ) | |
| McLean, VA 22101, | ) | |
| | ) | |
| OFFICE OF THE DIRECTOR OF | ) | |
| NATIONAL INTELLIGENCE, | ) | |
| Washington, DC 20511, | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE TREASURY, | ) | |
| 1500 Pennsylvania Avenue NW | ) | |
| Washington, DC 20220, | ) | |
| | ) | |
| OFFICE OF MANAGEMENT AND BUDGET, | ) | |
| 725 17th Street NW | ) | |
| Washington, DC 20503, | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Ave. NW | ) | |
| Washington, D.C. 20530, | ) | |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| 200 Independence Avenue SW | ) | |
| Washington, DC 20201, | ) | |
| | ) | |

U.S. DEPARTMENT OF EDUCATION,        )
400 Maryland Avenue SW               )
Washington, DC 20202,                )
                                     )
U.S. DEPARTMENT OF                   )
TRANSPORTATION,                      )
1200 New Jersey Avenue SE            )
Washington, DC 20590,                )
                                     )
                    *Defendants*.    )
_____ )

## COMPLAINT

### *Introduction*

1.      American Oversight brings this action following ten federal agencies' failures to produce their respective leaders' Signal communications and related records in response to requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      Signal is a non-governmental, open-source, encrypted messaging service that allows users to send text, audio, video, and picture messages to other users.

3.      Over the course of this year, news reporting and agency heads' testimony before congressional committees have revealed that senior Trump administration officials regularly use Signal to conduct government business. But some officials appear to treat Signal messages as if they were outside the reach of the Freedom of Information Act—which they are not.

4.      This issue broke into public view when previous National Security Advisor Mike Waltz or members of his staff inadvertently included reporter Jeffrey Goldberg of *The Atlantic* in a Signal group chat from March 11 through March 15, 2025, in which senior Trump administration

officials discussed and coordinated imminent U.S. military strikes in Yemen.[1] Some of the messages in that group chat had an "auto-delete" function enabled that would automatically delete messages after just days.

5.    According to *Politico*'s reporting, Waltz maintained "at least 20 Signal group chats" to coordinate official work on issues including Ukraine, China, Gaza, Middle East policy, Africa, and Europe.[2]

6.    Two days after *The Atlantic* broke its story about Goldberg's inclusion in the Signal chat relating to strikes in Yemen, the Director of the Office of National Intelligence, Tulsi Gabbard, testified to House Intelligence Committee members that Signal comes "pre-installed" on government devices.[3]

7.    Similarly, in testimony to the House and Senate Intelligence panels, both Director Gabbard and Director of the Central Intelligence Agency, John Ratcliffe, testified that Signal is widely used in government.[4]

8.    Then, on April 20, 2025, *The New York Times* reported that Secretary of Defense Pete Hegseth previously created his own Signal group chat titled "Defense | Team Huddle" that

---

[1] *See* Jeffrey Goldberg, *The Trump Administration Accidentally Texted Me Its War Plans*, The Atlantic (Mar. 24, 2025), https://www.theatlantic.com/politics/archive/2025/03/trump-administration-accidentally-texted-me-its-war-plans/682151/.

[2] *See* Dasha Burns, *Waltz's Team Set Up at Least 20 Signal Group Chats for Crises Across the World*, Politico (Apr. 2, 2025, 3:50PM ET), https://www.politico.com/news/2025/04/02/waltzs-team-set-up-at-least-20-signal-group-chats-for-crises-across-the-world-00266845.

[3] *See* Maggie Miller, *Gabbard Says Signal Comes 'Pre-Installed' on Government Devices*, Politico (Mar. 26, 2025, 12:32 PM), https://www.politico.com/news/2025/03/26/gabbard-signal-government-devices-cybersecurity-00250731.

[4] *See* Maggie Miller, *'Sloppy, Reckless': Waltz Use of Signal, Gmail Revives Concerns About White House Communications,* Politico (Apr. 2, 2025, 10:30PM ET), https://www.politico.com/news/2025/04/02/sloppy-reckless-waltz-use-of-signal-gmail-revives-concerns-about-white-house-communications-00268016.

included his wife, brother, personal lawyer, aides, and advisors.[5]

9.      Secretary Hegseth reportedly shared a range of information about government business in his "Defense | Team Huddle" chat, including on March 15, 2025, when he shared details about forthcoming military strikes in Yemen.[6]

10.     The government's representations in litigation point to the existence of Signal records containing government business.

11.     In a June 27, 2025 filing in separate litigation relating to agency heads' use of Signal, Department of Justice counsel represented to the U.S. District Court for the District of Columbia that Secretary Hegseth, Director Gabbard, Director Ratcliffe, Secretary of State Marco Rubio, and Secretary of the Treasury Scott Bessent, or their respective staff, "communicated that existing Signal chats of which they are aware contain federal records are not currently set for automatic deletion or have been preserved through other means." *See Am. Oversight v. Pete Hegseth, et al.*, D.D.C. Case No. 1:25-cv-00883-JEB, Status Report, June 27, 2025, ECF No. 38.

12.     The public is entitled to understand the extent to which senior government leaders conduct public business on this non-governmental messaging system, whether officials' messages are properly preserved, and the nature of their non-exempt communications.

13.     On March 25, 2025, and April 1, 2025, American Oversight submitted ten FOIA requests to ten agencies seeking Signal messages of the agencies' top leaders, as well as related records with the potential to shed light on whether and to what degree those individuals use Signal to conduct government business.

---

[5] Greg Jaffe, Eric Schmitt & Maggie Haberman, *Hegseth Said to Have Shared Attack Details in Second Signal Chat*, N.Y. Times (Apr. 20, 2025, 5:28PM ET), https://www.nytimes.com/2025/04/20/us/politics/hegseth-yemen-attack-second-signal-chat.html?partner=slack&smid=sl-share.
[6] *Id.*

14.    In light of the need to inform the public concerning this matter, American Oversight brings this lawsuit to challenge the government's failure to respond to American Oversight's FOIA requests.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

16.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

17.    Defendants have failed to comply with the applicable time-limit provisions of FOIA.

18.    American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

19.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

20.     Defendant U.S. Department of State ("State") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

21.     Defendant U.S. Department of Defense ("DOD") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records that American Oversight seeks.

22.     Defendant Central Intelligence Agency ("CIA") is an agency of the federal government headquartered in McLean, Virginia, and an agency within the meaning of 5 U.S.C. § 552(f)(1). CIA has possession, custody, and control of the records that American Oversight seeks.

23.     Defendant Office of the Director of National Intelligence ("ODNI") is an office of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ODNI has possession, custody, and control of records that American Oversight seeks.

24.     Defendant U.S. Department of the Treasury ("Treasury") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records that American Oversight seeks.

25.     Defendant Office of Management and Budget ("OMB") is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, DC. OMB has possession, custody, and control of records that American Oversight seeks.

26.     Defendant U.S. Department of Justice ("DOJ") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy ("OIP") is a component of DOJ and processes FOIA requests on behalf of itself and other DOJ components. DOJ and/or OIP have possession, custody, and control of records that American Oversight seeks.

27.     Defendant U.S. Department of Health and Human Services ("HHS") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

28.     Defendant U.S. Department of Education ("Education") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of records that American Oversight seeks.

29.     Defendant U.S. Department of Transportation ("DOT") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

30.     On March 25, 2025, American Oversight submitted FOIA requests to State, DOD, CIA, ODNI, and Treasury, and on April 1, 2025, American Oversight submitted FOIA requests to OMB, DOJ, HHS, Education, and DOT (collectively, "American Oversight's FOIA requests").

*State Request*

31.     On March 25, 2025, American Oversight submitted a FOIA request to State ("State

Request"), bearing American Oversight tracking number STATE-25-0756, seeking the following records:

1. All Signal messages (including complete message threads/conversations) <u>sent</u> by Secretary Mar[co] Rubio since January 20, 2025.
. . . .

   **For part one of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

2. Records sufficient to identify both (a) the title and (b) the complete membership of all Signal group message conversations of which Secretary Mar[co] Rubio has been a member since January 20, 2025.

   **For part two of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

3. **All email communications** (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) **and text messages** (including complete text message threads or conversations) **or messages on messaging platforms** (such as Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) <u>sent</u> by Secretary Mar[co] Rubio— and/or anyone communicating on his behalf, such as an assistant, chief of staff, and/or secretary — <u>and</u> containing any of the key terms listed below.

   <u>Key Terms</u>:
   a. Goldberg
   b. "The Atlantic"
   c. "theatlantic.com"
   d. JG
   e. "Houthi PC"
   f. "group chat"
   g. "Signal thread"
   h. "Signal conversation"
   i. "Signal chat"
   j. "on Signal"
   k. "Signal messenger"
   l. "Signal message"
   m. ephemeral
   n. FRA
   o. "Federal Record"
   p. "Records Act"

q.   "records law"

. . . .

**For part three of this request, please provide all responsive records from March 15, 2025, through the date the search is conducted.**

32.     A true and correct copy of the State Request is attached as Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

33.     On March 25, 2025, State emailed American Oversight acknowledging receipt of the request and assigning it tracking number F-2025-13294.

34.     On April 1, 2025, State emailed a letter to American Oversight again acknowledging receipt of the request, denying American Oversight's request for expedited processing, and asserting that "unusual circumstances" rendered the agency unable to respond to the State Request within the 20 days provided by statute.

35.     As of the time of this filing, State has not communicated further with American Oversight about the State Request.

36.     As of the time of this filing, State has not issued a final determination in response to the State Request.

37.     As of the time of this filing, State has not produced any records responsive to the State Request.

*DOD Request*

38.     On March 25, 2025, American Oversight submitted a FOIA request to DOD ("DOD Request"), bearing American Oversight tracking number DOD-25-0757, seeking the following records:

1.   All Signal messages (including complete message threads/conversations) <u>sent</u> by Secretary Pete Hegseth since January 20, 2025.

. . . .

**For part one of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

2.  Records sufficient to identify both (a) the title and (b) the complete membership of all Signal group message conversations of which Secretary Pete Hegseth has been a member since January 20, 2025.

    **For part two of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

3.  **All email communications** (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) **and text messages** (including complete text message threads or conversations) **or messages on messaging platforms** (such as Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) <u>sent</u> by Secretary Pete Hegseth — and/or anyone communicating on his behalf, such as an assistant, chief of staff, and/or secretary — <u>and</u> containing any of the key terms listed below.

    <u>Key Terms</u>:
    a.  Goldberg
    b.  "The Atlantic"
    c.  "theatlantic.com"
    d.  JG
    e.  "Houthi PC"
    f.  "group chat"
    g.  "Signal thread"
    h.  "Signal conversation"
    i.  "Signal chat"
    j.  "on Signal"
    k.  "Signal messenger"
    l.  "Signal message"
    m.  ephemeral
    n.  FRA
    o.  "Federal Record"
    p.  "Records Act"
    q.  "records law"
    . . . .

    **For part three of this request, please provide all responsive records from March 15, 2025, through the date the search is conducted.**

39.     A true and correct copy of the DOD Request is attached as Exhibit B, and American Oversight incorporates Exhibit B by reference as though stated fully herein.

40.     On March 25, 2025, DOD sent two emails to American Oversight acknowledging receipt of the request, assigning it tracking number 25-F-2611, and updating the status of the request to "Received."

41.     On April 1, 2025, DOD emailed a letter to American Oversight again acknowledging receipt of the request, granting American Oversight's request for expedited processing, and asserting that "unusual circumstances" rendered the agency unable to respond to the DOD Request within the 20 days provided by statute.

42.     As of the time of this filing, DOD has not communicated further with American Oversight about the DOD Request.

43.     As of the time of this filing, DOD has not issued a final determination in response to the DOD Request.

44.     As of the time of this filing, DOD has not produced any records responsive to the DOD Request.

*CIA Request*

45.     On March 25, 2025, American Oversight submitted a FOIA request to CIA ("CIA Request"), bearing American Oversight tracking number CIA-25-0758, seeking the following records:

> 1.  All Signal messages (including complete message threads/conversations) <u>sent</u> by CIA Director John Ratcliffe since January 20, 2025.
>     . . . .
>
>     **For part one of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

2.  Records sufficient to identify both (a) the title and (b) the complete membership of all Signal group message conversations of which CIA Director John Ratcliffe has been a member since January 20, 2025.

    **For part two of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

3.  **All email communications** (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) **and text messages** (including complete text message threads or conversations) **or messages on messaging platforms** (such as Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) <u>sent</u> by CIA Director John Ratcliffe — and/or anyone communicating on his behalf, such as an assistant, chief of staff, and/or secretary — <u>and</u> containing any of the key terms listed below.

    <u>Key Terms</u>:
    a.  Goldberg
    b.  "The Atlantic"
    c.  "theatlantic.com"
    d.  JG
    e.  "Houthi PC"
    f.  "group chat"
    g.  "Signal thread"
    h.  "Signal conversation"
    i.  "Signal chat"
    j.  "on Signal"
    k.  "Signal messenger"
    l.  "Signal message"
    m.  ephemeral
    n.  FRA
    o.  "Federal Record"
    p.  "Records Act"
    q.  "records law"
    . . . .

    **For part three of this request, please provide all responsive records from March 15, 2025, through the date the search is conducted.**

46.    A true and correct copy of the CIA Request is attached as Exhibit C, and American Oversight incorporates Exhibit C by reference as though stated fully herein.

47.    As of the time of this filing, CIA has not acknowledged or otherwise communicated

with American Oversight about the CIA Request.

48.    As of the time of this filing, CIA has not issued a final determination in response to

the CIA Request.

49.    As of the time of this filing, CIA has not produced any records responsive to the

CIA Request.

*ODNI Request*

50.    On March 25, 2025, American Oversight submitted a FOIA request to ODNI

("ODNI Request"), bearing American Oversight tracking number ODNI-25-0755, seeking the

following records:

1. All Signal messages (including complete message
   threads/conversations) <u>sent</u> by Director of National Intelligence Tulsi
   Gabbard since January 20, 2025.
   . . . .

   **For part one of this request, please provide all responsive records
   from January 20, 2025, through the date the search is conducted.**

2. Records sufficient to identify both (a) the title and (b) the complete
   membership of all Signal group message conversations of which
   Director of National Intelligence Tulsi Gabbard has been a member
   since January 20, 2025.

   **For part two of this request, please provide all responsive records
   from January 20, 2025, through the date the search is conducted.**

3. **All email communications** (including emails, email attachments,
   complete email chains, calendar invitations, and calendar invitation
   attachments) **and text messages** (including complete text message
   threads or conversations) **or messages on messaging platforms** (such
   as Slack, GChat or Google Hangouts, Lync, Skype, X (formerly
   Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or
   Parler) <u>sent</u> by Director of National Intelligence Tulsi Gabbard— and/or
   anyone communicating on her behalf, such as an assistant, chief of staff,
   and/or secretary — <u>and</u> containing any of the key terms listed below.

   <u>Key Terms</u>:
   a.  Goldberg

    b.  "The Atlantic"
    c.  "theatlantic.com"
    d.  JG
    e.  "Houthi PC"
    f.  "group chat"
    g.  "Signal thread"
    h.  "Signal conversation"
    i.  "Signal chat"
    j.  "on Signal"
    k.  "Signal messenger"
    l.  "Signal message"
    m.  ephemeral
    n.  FRA
    o.  "Federal Record"
    p.  "Records Act"
    q.  "records law"
    . . . .

**For part three of this request, please provide all responsive records from March 15, 2025, through the date the search is conducted.**

51.    A true and correct copy of the ODNI Request is attached as Exhibit D, and American Oversight incorporates Exhibit D by reference as though stated fully herein.

52.    On March 26, 2025, ODNI emailed American Oversight confirming receipt of the ODNI Request.

53.    On April 4, 2025, ODNI emailed a letter to American Oversight again acknowledging receipt of the request, assigning it tracking number DF-2025-00328, and granting American Oversight's request for expedited processing.

54.    As of the time of this filing, ODNI has not communicated further with American Oversight about the ODNI Request.

55.    As of the time of this filing, ODNI has not issued a final determination in response to the ODNI Request.

56.    As of the time of this filing, ODNI has not produced any records responsive to the

ODNI Request.

*Treasury Request*

57.     On March 25, 2025, American Oversight submitted a FOIA request to Treasury

("Treasury Request"), bearing American Oversight tracking number TREAS-25-0754, seeking the

following records:

1.  All Signal messages (including complete message
    threads/conversations) <u>sent</u> by Secretary Scott Bessent since January 20,
    2025.
    . . . .

    **For part one of this request, please provide all responsive records
    from January 20, 2025, through the date the search is conducted.**

2.  Records sufficient to identify both (a) the title and (b) the complete
    membership of all Signal group message conversations of which
    Secretary Scott Bessent has been a member since January 20, 2025.

    **For part two of this request, please provide all responsive records
    from January 20, 2025, through the date the search is conducted.**

3.  **All email communications** (including emails, email attachments,
    complete email chains, calendar invitations, and calendar invitation
    attachments) **and text messages** (including complete text message
    threads or conversations) **or messages on messaging platforms** (such
    as Slack, GChat or Google Hangouts, Lync, Skype, X (formerly
    Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or
    Parler) <u>sent</u> by Secretary Scott Bessent— and/or anyone communicating
    on his behalf, such as an assistant, chief of staff, and/or secretary — <u>and</u>
    containing any of the key terms listed below.

    <u>Key Terms:</u>
    a.  Goldberg
    b.  "The Atlantic"
    c.  "theatlantic.com"
    d.  JG
    e.  "Houthi PC"
    f.  "group chat"
    g.  "Signal thread"
    h.  "Signal conversation"
    i.  "Signal chat"
    j.  "on Signal"

      k.  "Signal messenger"
      l.   "Signal message"
     m.  ephemeral
      n.  FRA
      o.  "Federal Record"
      p.  "Records Act"
      q.  "records law"
    . . . .

**For part three of this request, please provide all responsive records from March 15, 2025, through the date the search is conducted.**

58.     A true and correct copy of the Treasury Request is attached as Exhibit E, and American Oversight incorporates Exhibit E by reference as though stated fully herein.

59.     On March 25, 2025, Treasury sent an automatic courtesy response confirming receipt of the Treasury Request and stating that the courtesy response "does not replace the acknowledgment letter which will include a FOIA case number once [the Treasury Request] has been entered into [Treasury's] FOIA Request Tracking System."

60.     As of the time of this filing, Treasury has not communicated further with American Oversight about the Treasury Request.

61.     As of the time of this filing, Treasury has not issued a final determination in response to the Treasury Request.

62.     As of the time of this filing, Treasury has not produced any records responsive to the Treasury Request.

*OMB Request*

63.     On April 1, 2025, American Oversight submitted a FOIA request to OMB ("OMB Request"), bearing American Oversight tracking number MULTI-25-0814-0833, seeking the following records:

1. All Signal messages (including complete message threads/conversations) <u>sent</u> since January 20, 2025, by the officials who are listed below.

   . . . .

   <u>Office of Management and Budget</u>
   a. Former Director Matthew Vaeth
   b. Director Russ Vought
   c. Anyone serving in the capacity of Senior Advisor to the Acting or actual Director

   . . . .

2. Records sufficient to identify both (a) the title of and (b) names of all participants in all Signal group message conversations of which the officials identified in part of 1 of this request have been a member since January 20, 2025.

3. All guidance issued by, provided to,[] or otherwise in the possession of your office—including directives, instructions, directions, memoranda, policies, procedures, regulations, informal email guidance, training materials, presentations, and/or any other written guidance—(a) regarding the use and retention of ephemeral messaging platforms—including, but not limited to, Signal—and (b) issued, created, or modified since January 20, 2025.

64.     A true and correct copy of the OMB Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.[7]

65.     On April 1, 2025, OMB emailed American Oversight acknowledging receipt of the OMB Request and assigning it tracking number 2025-1170.

66.     As of the time of this filing, OMB has not communicated further with American Oversight about the OMB Request.

67.     As of the time of this filing, OMB has not issued a final determination in response to the OMB Request.

---

[7] Exhibit F contains multiple requests that were sent to multiple agencies at the same time. For that reason, American Oversight refers to Exhibit F for more than one of the FOIA requests at issue in this action.

68.     As of the time of this filing, OMB has not produced any records responsive to the OMB Request.

*DOJ Request*

69.     On April 1, 2025, American Oversight submitted a FOIA request to DOJ ("DOJ Request"), bearing American Oversight tracking number MULTI-25-0814-0833, seeking the following records:

> 1.  All Signal messages (including complete message
>     threads/conversations) <u>sent</u> since January 20, 2025, by the officials who
>     are listed below.
>     . . . .
>
>     <u>Department of Justice</u>
>     a.  Former Acting Attorney General James McHenry
>     b.  Attorney General Pam Bondi
>     c.  Anyone serving in the capacity of Senior Advisor to the Acting or
>         actual Attorney General
>     . . . .
>
> 2.  Records sufficient to identify both (a) the title of and (b) names of all
>     participants in all Signal group message conversations of which the
>     officials identified in part of 1 of this request have been a member since
>     January 20, 2025.
>
> 3.  All guidance issued by, provided to,[] or otherwise in the possession of
>     your office—including directives, instructions, directions, memoranda,
>     policies, procedures, regulations, informal email guidance, training
>     materials, presentations, and/or any other written guidance—(a)
>     regarding the use and retention of ephemeral messaging platforms—
>     including, but not limited to, Signal—and (b) issued, created, or
>     modified since January 20, 2025.

70.     A true and correct copy of the DOJ Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.

71.     On April 10, 2025, DOJ emailed a letter to American Oversight acknowledging receipt of the DOJ Request, assigning it tracking number FOIA-2025-03590, denying expedited processing, and asserting that "unusual circumstances" rendered the agency unable to respond to

the DOJ Request within the 20 days, and 10 additional days, provided by statute.

72.     On May 5, 2025, DOJ emailed a letter to American Oversight again denying expedited processing of the DOJ Request, and again asserting that "unusual circumstances" rendered the agency unable to respond to the DOJ Request within the 20 days, and 10 additional days, provided by statute.

73.     As of the time of this filing, DOJ has not communicated further with American Oversight about the DOJ Request.

74.     As of the time of this filing, DOJ has not issued a final determination in response to the DOJ Request.

75.     As of the time of this filing, DOJ has not produced any records responsive to the DOJ Request.

*HHS Request*

76.     On April 1, 2025, American Oversight submitted a FOIA request to HHS ("HHS Request"), bearing American Oversight tracking number MULTI-25-0814-0833, seeking the following records:

> 1.  All Signal messages (including complete message threads/conversations) <u>sent</u> since January 20, 2025, by the officials who are listed below.
> . . . .
>
> <u>Department of Health and Human Services</u>
> a.  Former Acting Secretary Dorothy Fink
> b.  Secretary Robert F. Kennedy, Jr.
> c.  Anyone serving in the capacity of Senior Advisor to the Acting or actual Secretary
> . . . .
>
> 2.  Records sufficient to identify both (a) the title of and (b) names of all participants in all Signal group message conversations of which the officials identified in part of 1 of this request have been a member since January 20, 2025.

   3. All guidance issued by, provided to,[] or otherwise in the possession of your office—including directives, instructions, directions, memoranda, policies, procedures, regulations, informal email guidance, training materials, presentations, and/or any other written guidance—(a) regarding the use and retention of ephemeral messaging platforms—including, but not limited to, Signal—and (b) issued, created, or modified since January 20, 2025.

77.    A true and correct copy of the HHS Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.

78.    On April 1, 2025, HHS sent an email to American Oversight acknowledging receipt of the HHS Request and assigning it tracking number 2025-02261-FOIA-OS.

79.    On August 26, 2025, HHS emailed American Oversight a letter again acknowledging receipt of the HHS Request and asserting that "unusual circumstances" rendered the agency unable to respond to the HHS Request within the 20 days provided by statute.

80.    As of the time of this filing, HHS has not communicated further with American Oversight about the HHS Request.

81.    As of the time of this filing, HHS has not issued a final determination in response to the HHS Request.

82.    As of the time of this filing, HHS has not produced any records responsive to the HHS Request.

*Education Request*

83.    On April 1, 2025, American Oversight submitted a FOIA request to Education ("Education Request"), bearing American Oversight tracking number MULTI-25-0814-0833, seeking the following records:

   1. All Signal messages (including complete message threads/conversations) <u>sent</u> since January 20, 2025, by the officials who are listed below.

. . . .

<u>Department of Education</u>
a.  Former Acting Secretary Denise Carter
b.  Secretary Linda McMahon
c.  Anyone serving in the capacity of Senior Advisor to the Acting or actual Secretary

. . . .

2.  Records sufficient to identify both (a) the title of and (b) names of all participants in all Signal group message conversations of which the officials identified in part of 1 of this request have been a member since January 20, 2025.

3.  All guidance issued by, provided to,[] or otherwise in the possession of your office—including directives, instructions, directions, memoranda, policies, procedures, regulations, informal email guidance, training materials, presentations, and/or any other written guidance—(a) regarding the use and retention of ephemeral messaging platforms—including, but not limited to, Signal—and (b) issued, created, or modified since January 20, 2025.

84.     A true and correct copy of the Education Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.

85.     On April 2, 2025, Education emailed American Oversight a letter acknowledging receipt of the Education Request, assigning it tracking number 25-03142-F, denying expedited processing, and asserting that no additional information was needed at that time.

86.     On April 3, 2025, Education emailed American Oversight notifying it that the status of the Education Request had been updated to "In Process."'

87.     On April 30, 2025, Education emailed American Oversight a letter advising that the Education Request was still in process.

88.     As of the time of this filing, Education has not communicated further with American Oversight about the Education Request.

89.     As of the time of this filing, Education has not issued a final determination in

response to the Education Request.

90.     As of the time of this filing, Education has not produced any records responsive to the Education Request.

*DOT Request*

91.     On April 1, 2025, American Oversight submitted a FOIA request to DOT ("DOT Request"), bearing American Oversight tracking number MULTI-25-0814-0833, seeking the following records:

> 1.  All Signal messages (including complete message threads/conversations) <u>sent</u> since January 20, 2025, by the officials who are listed below.
>     . . . .
>
>     <u>Department of Transportation</u>
>     a.  Former Acting Secretary Judith Kaleta
>     b.  Secretary Sean Duffy
>     c.  Anyone serving in the capacity of Senior Advisor to the Acting or actual Secretary
>     . . . .
>
> 2.  Records sufficient to identify both (a) the title of and (b) names of all participants in all Signal group message conversations of which the officials identified in part of 1 of this request have been a member since January 20, 2025.
>
> 3.  All guidance issued by, provided to,[] or otherwise in the possession of your office—including directives, instructions, directions, memoranda, policies, procedures, regulations, informal email guidance, training materials, presentations, and/or any other written guidance—(a) regarding the use and retention of ephemeral messaging platforms—including, but not limited to, Signal—and (b) issued, created, or modified since January 20, 2025.

92.     A true and correct copy of the DOT Request is attached as Exhibit F, and American Oversight incorporates Exhibit F by reference as though stated fully herein.

93.     On April 4, 2025, DOT emailed a letter to American Oversight acknowledging receipt of the DOT Request, assigning it tracking number OST-2025-1597, and denying expedited

processing.

94.    As of the time of this filing, DOT has not communicated further with American Oversight about the DOT Request.

95.    As of the time of this filing, DOT has not issued a final determination in response to the DOT Request.

96.    As of the time of this filing, DOT has not produced any records responsive to the DOT Request.

*Exhaustion of Administrative Remedies*

97.    As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

98.    Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

99.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

100.    American Oversight properly requested records within Defendants' possession, custody, and control.

101.    Defendants are agencies subject to FOIA, and they must therefore make reasonable

efforts to search for requested records.

102.    Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

103.    Defendants' failures to conduct adequate searches for responsive records violates FOIA and applicable regulations.

104.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

<u>COUNT II</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

105.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

106.    American Oversight properly requested records within Defendants' possession, custody, and control.

107.    Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

108.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

109.    Defendants' failures to provide all non-exempt responsive records violate FOIA and applicable regulations.

110.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American

Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to the FOIA requests identified in this pleading;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA requests identified in this pleading and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA requests identified in this pleading;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 15, 2025

Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org

*Counsel for Plaintiff*